STURGIS, Judge
(concurring).
This is an appeal from an order of the •Circuit Court of Putnam County affirming an order of the Director of the State Beverage Department of Florida which suspended appellant’s beverage license for •violation of Section 562.14, Florida Statutes, F.S.A., the effect being to deny certiorari.
The petition in certiorari assaulted the •order of the director on the grounds (a) ■that through its agents the Beverage De■partment was guilty of entrapment in inducing the licensee to violate the law, and (b) that the facts developed at the hearing ■before the director affirmatively show that .as a matter of law no violation took place. This appeal is necessarily limited to a consideration of the above issues presented to -the circuit court by licensee’s petition for writ of certiorari and, as we have held, the •circuit court properly denied certiorari.
Upon appeal to this court appellant has ■raised the question, not presented to the circuit court, of whether the notice to show •cause as given herein to the licensee pursuant to Section 561.29(3), Florida Statutes, F.S.A., was sufficient to vest the Director of the Beverage Department with jurisdiction to hold the hearing and enter the order suspending appellant’s license. The statute provides that “before the director shall revoke or suspend the license of any licensee, he shall give such licensee a written statement” of the cause of revocation or suspension of license. The notice given in this case was signed: “Sam Pasco, Attorney for State Beverage Department.” It is admitted that neither the notice nor its subject came to the attention of the director until after it was issued. Supporting its efficiency, appellee contends that the act of any employee of the Beverage Department is the act of the director. This obviously incorrect proposition would, for example, permit an employee not only to bring the charge but also to suspend the license. The notice, signed only by the attorney as above indicated, recites “that good and sufficient cause has been shown which I [necessarily referring to the attorney] think warrants the revocation or suspension” of the beverage license in question, and then states the specific cause for revocation or suspension. Our review of the statutes relating to the Beverage Department fails to disclose any power vested in its attorneys or any person other than the director himself to issue the notice upon good cause shown.
Appellee admits that prior to 1955 it was the practice for the director to sign such notices, and states that it was abandoned as fictional and also because, under the practice of the attorney giving the notice, as followed in this case, the record is clear of any implication that the director is the actual prosecutor at the administrative hearing. That reasoning is specious and affords no proper basis for failure to comply with the statute. Due process under the constitutional guaranty requires that the citizen not be deprived of valuable property rights upon anything less than a charge made by a specifically authorized competent authority. That was clearly the legislative purpose in providing that “h.e” (the director) should give the licensee a written statement of the alleged cause for revocation or suspension of the license.
*878 Upon timely objection the defect involved in this case could and should have been cured by the director giving the required statutory notice under his hand. By proceeding with the hearing the director adopted as his own the charges contained in the notice, as well as the notice proper. Where the licensee has failed to make timely objection and, upon the notice actually given, has attended a hearing thereon before the director, as is the case here, he will be deemed to have waived the procedural defect that arises by reason of the failure of the director to give the notice under his hand.
For the reasons stated, I concur in the conclusion affirming the order appealed.